Jeanne H. Rayphand
Northern Marianas Protection &
  Advocacy Systems, Inc.
P.O. Box 503529
Saipan, MP 96950
  Tel. No. (670) 235-7273
  Fax No. (670) 235-7275
  Email: jeanneesq@yahoo.com
         jeannerayphand@nmpasi.org

Attorney for Plaintiff

FILED
Clerk
District Court

MAR 04 2016

for the Northern Mariana Islands
By_____
       (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FELOTEO V. RANADA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEN AQUA HOTEL AND RESORT, INC. ) <br>   dba AQUA RESORT HOTEL SAIPAN, ) <br> ) <br> Defendant. ) <br> _____ ) | CV  CV 16-00008 <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

### I.

### INTRODUCTION

1. Plaintiff FELOTEO V. RANADA brings this action to redress the willful deprivation of his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ( hereinafter "ADA").

## II.

## JURISDICTION

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 12117.

3. All conditions precedent to jurisdiction have taken place.

4. Plaintiff filed a charge of employment discrimination on the basis of disability (hearing impairment) with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2014, i.e., within 180 days of the commission of the unlawful employment practice alleged herein.

5. A Notification of Right to Sue was issued by EEOC on December 8, 2015.

6. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

## III.

## PARTIES

7  Plaintiff FELOTEO V. RANADA is a citizen of the Philippines and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

8. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by defendant as a person with a disability.

9. Defendant KEN AQUA HOTEL AND RESORT, INC., dba AQUA RESORT CLUB SAIPAN, is a corporation doing business in the Commonwealth of the Northern Mariana Islands.

10. Defendant KEN AQUA HOTEL AND RESORT, INC. is a corporation and therefore a "person" within the meaning of 42 U.S.C. § 12111(7).

11. Defendant KEN AQUA HOTEL AND RESORT, INC. is a person engaged in an industry affecting commerce who has fifteen or more employees in each of twenty or more calendar weeks in the current and preceding calendar year and is therefore an "employer" within the meaning of  42 U.S.C. § 12111(5)(A).

12. At all relevant times herein, Defendant KEN AQUA HOTEL AND RESORT, INC. and N.V.M. Security Services Enterprises were joint-employers of plaintiff.

13. Defendant KEN AQUA HOTEL AND RESORT, INC. had the right to control the means and manner of plaintiff's work performance, set plaintiff's work schedule and the hours of work, and specified how the work was to be accomplished.

14. Defendant KEN AQUA HOTEL AND RESORT, INC. retained ultimate hiring and firing decisions and in this case terminated plaintiff from his position at Aqua Resort.

## IV.

### STATEMENT OF FACTS

15. Plaintiff has worked for defendant Ken Aqua Hotel and Resort, Inc. [hereinafter referred to as "defendant Aqua Resort"] since 1989, initially as security guard and rising to the position of Security Supervisor in1991.

16. During the entire time that plaintiff was assigned to and worked for defendant Aqua Resort, plaintiff was an employee of various manpower services who were joint-employers with defendant Aqua Resort.

17. At the time of his termination by defendant Aqua Resort, plaintiff was assigned to work at  defendant Aqua Resort by N.V.M. Security Services.

18. Defendant Aqua Resort and N.M.V. Security Services were joint employers of

plaintiff.

19. During the years that he worked for defendant Aqua Resort, defendant Aqua Resort presented plaintiff with certifications for trainings conducted by defendant's Personnel Department, attendance, outstanding achievement, his loyalty and dedication to the company, and service awards.

20. In 2005 plaintiff began using and has continued to use a hearing aid as a result of hearing loss..

21. With his aid, plaintiff hears fine; without it, he is substantially limited in his ability to hear.

22. Plaintiff's use of a hearing aid was obvious to defendant Aqua Resort.

23. Plaintiff had been performing and continued to perform all of the essential functions of his employment position at defendant Aqua Resort since 1989, initially as a security guard and later as the Security Supervisor.

24. On the morning of August 14, 2014, plaintiff's hearing aid malfunctioned.

25. On the same day, i.e., August 14, 2014, defendant Aqua Resort's General Manager Hiroyuki Toyoshima attempted to ask plaintiff about an incident report; but, because of the malfunctioning hearing aid, plaintiff was unable to fully understand the General Manager and plaintiff attempted to explain that his hearing aid had just broken and that he was going to contact the hearing-aid provider for the replacement.

26. In the afternoon of August 14, 2014, plaintiff's broken hearing aid was replaced.

27. On August 15, 2014, defendant Aqua Resort's General Manager Hiroyuki Toyoshima terminated plaintiff's employment at the Aqua Resort.

28. On August 16, 2014, plaintiff wrote to defendant Aqua Resort to explain the malfunction of his hearing aid, that the hearing aid been replaced, and begged defendant Aqua Resort to allow him to work again.

29. Also on August 16, 2014, plaintiff and a representative of the manpower employer N.V.M. Security Services Enterprises met with the defendant's Human Resources Director Becky Cruz in an attempt to reinstate plaintiff, but was told that reinstatement was denied because of plaintiff's hearing impairment.

## V.

## CLAIM FOR RELIEF

30. At all times relevant hereto plaintiff is an individual with a "disability" as that term is defined in 42 U.S.C. § 12102.

31. More specifically, plaintiff:

    (a) Has a physical impairment, i.e., hearing loss, that substantially limits one or more of his major life activities, i.e., hearing;

    (b) Has a record of such an impairment; and

    ( c) Is regarding by defendant Aqua Resort as having such an impairment.

32. Plaintiff was, and continues to be, a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8), in that plaintiff is an individual with a disability, who, with or without reasonable accommodation, can perform the essential functions of the Security Supervisor position for defendant Aqua Resort.

33. Plaintiff was qualified and could perform the essential functions of his job at the time of his termination on August 15, 2014.

34. Defendant Aqua Resort violated the ADA by intentionally discriminating against plaintiff because of his disability by terminating plaintiff's employment.

35. Defendant Aqua Resort decided to fire the plaintiff because of plaintiff's disability.

36. Defendant Aqua Resort's termination and denial of employment to plaintiff is a violation of 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability in that defendant Aqua Resort terminated plaintiff's employment at Aqua Resort based his disability of hearing impairment and failed to accommodate his disability for a temporary (less than one day) loss of hearing when his hearing aid malfunctioned.

## VI.

## DAMAGES

37. As a direct and proximate result of defendant Aqua Resort's unlawful termination and denial of employment to plaintiff, plaintiff has suffered economic damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost benefits under the employment relationship, employment benefits in the past, and employment benefits in the future.

38. As a result of defendant Aqua Resort's unlawful conduct, plaintiff has suffered and continues to suffer emotional pain, mental anguish, and inconvenience.

39. Defendant's discriminatory conduct as to plaintiff was taken with malice and with reckless indifference to the federally protected rights of plaintiff and therefore plaintiff seeks punitive damages.

40. Defendant Aqua Resort's denial of employment to plaintiff has caused, continues to cause, and will cause the plaintiff to suffer substantial damages for future pecuniary losses and

mental anguish.

## PRAYER FOR RELIEF

Plaintiff respectfully prays the Court to grant the following relief:

(1) That Plaintiff be granted injunctive relief requiring defendant Aqua Resort to employ Plaintiff in the Security Supervisor position in which he was employed at the time of his termination.

(2) Enjoin defendant Aqua Resort from any further prohibited discrimination against Plaintiff.

(3) Order that Plaintiff be awarded the back pay he would have earned, together with related monetary benefits and interest thereon, from August 15, 2014.

(4) Award Plaintiff compensatory damages in an amount to be determined at trial in this matter.

(5) Award Plaintiff punitive damages in an amount to be determined at trial in this matter.

(6) Award Plaintiff his attorney fees, including litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

*Jeanne H. Rayphand*
Jeanne H. Rayphand   F 106
Attorney for Plaintiff