**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Defendant Ken Aqua Hotel and Resort, Inc.*
*dba Aqua Resort Hotel Saipan*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **FELOTEO V. RANADA,** | **Civil Action No. 16-00008** |
| **Plaintiff,** | |
| **vs.** | **ANSWER TO COMPLAINT** |
| **KEN AQUA HOTEL AND RESORT, INC.** *dba* **AQUA RESORT HOTEL SAIPAN,** | |
| **Defendant.** | |

     Defendant Ken Aqua Hotel and Resort, Inc., dba Aqua Resort Hotel Saipan ("Aqua Resort"), through undersigned counsel, answers the allegations in Plaintiff's Complaint for Damages and Injunctive Relief as follows:

## ANSWER

1.     Paragraph 1 states a legal conclusion for which no response is necessary. If a response is necessary, Aqua Resort admits that the Plaintiff purports to seek redress pursuant to Title I of the Americans with Disabilities Act of 1990 as amended (the "ADA"). Aqua Resort denies that

it willfully deprived Plaintiff of his rights under the ADA, or violated the ADA, and denies the Complaint states a valid cause of action.

**Jurisdiction**

2.      Aqua Resort admits that Plaintiff invokes the jurisdiction of the Court pursuant to the statutes cited, but denies that it violated any statute, common law or engaged in any wrongdoing. Additionally, jurisdiction is a legal conclusion which requires neither an admission nor denial, but if a response is required, Aqua Resort denies it and denies the Complaint states a valid cause of action.

3.      Paragraph 3 of the Complaint is a legal conclusion to which no response is required. But if a response is required, Aqua Resort is without knowledge or information sufficient to form a belief as to whether Plaintiff satisfied the conditions precedent to jurisdiction, and on that basis denies the same.

4.      As to Paragraph 4 of the Complaint, Aqua Resort admits that Plaintiff filed a charge with the EEOC on December 10, 2014, but Aqua Resort denies that it committed any unlawful employment practice.

5.      As to the allegations of Paragraph 5, Aqua Resort admits that the EEOC issued "Dismissal and Notice of Rights" to Plaintiff on December 8, 2015 concerning the charge he made against Aqua Resort.

6.      Aqua Resort admits the allegations in Paragraph 6.

**Parties**

7.      Aqua Resort, on information and belief and subject to proof at trial, admits the allegations in Paragraph 7.

8.      Aqua Resort denies the allegations in Paragraph 8.

9.      Aqua Resort admits the allegations in Paragraph 9.

10.      Paragraph 10 is a legal conclusion which requires neither an admission nor denial.

11.     Aqua Resort admits that it has fifteen or more employees in each of twenty or more calendar weeks, but Aqua Resort denies that Plaintiff is one of Aqua Resort's employees. To the extent that Paragraph 11 includes legal conclusions about Aqua Resort's status as an employer under the ADA, such legal conclusions require no response, but to the extent that a response is required, Aqua Resort denies that it is Plaintiff's employer and denies any remaining allegation.

12.     As to the allegations in Paragraph 12, Aqua Resort denies it is the employer of Plaintiff but on information and belief and subject to proof at trial admits N.V.M. Security Services ("N.V.M.") is Plaintiff's employer. Defendant denies any remaining allegation.

13.     As to the allegations in Paragraph 13, Aqua Resort admits that it has expectations for security guards who are assigned to its properties, including without limitation the expectation that security guards will respond to any incidents where a guest or employee appears to be in distress or requires assistance. Aqua Resort denies that Plaintiff was its employee, and further denies that Aqua Resort controlled Plaintiff's schedule or work hours and denies any remaining allegation.

14.     As to the allegations in Paragraph 14, Aqua Resort denies that Plaintiff was an employee of Aqua Resort. Aqua Resort, by contract with N.V.M., had the right to replace any of N.V.M.'s employees assigned to provide security at Aqua Resort. Aqua Resort denies any remaining allegation.

15.     As to the allegations in Paragraph 15, Aqua Resort denies that Plaintiff is or ever was an employee of Aqua Resort, and denies that Plaintiff "worked for" Aqua Resort. Aqua Resort was a long-time customer of N.V.M. and its predecessors companies, and has contracted for security services with N.V.M. (or its predecessors) beginning around 1989. Aqua Resort admits that during the course of its contracts with N.V.M., Plaintiff has been one of the security guards assigned to Aqua Resort by N.V.M. Aqua Resort is without knowledge or information

sufficient to form a belief as to when Plaintiff first was assigned to Aqua Resort by N.V.M. or if N.V.M. promoted him to security supervisor. Aqua Resort denies any remaining allegations.

16.     As to the allegations in Paragraph 16, Aqua Resort on information and belief and subject to proof at trial admits that Plaintiff was an employee of other entities with whom Aqua Resort contracted for security services.  Aqua Resort denies that Plaintiff worked for Aqua Resort and denies being an employer or joint employer of Plaintiff and denies any remaining allegation.

17.     As to the allegations in Paragraph 17, Aqua Resort admits that Plaintiff is an employee of N.V.M. Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning N.V.M.'s business and practices.  Aqua Resort admits that through its contract with N.V.M., N.V.M. provided security services, which included security guards on the premises of Aqua Resort, and that Plaintiff was one of those security guards who was sometimes present on Aqua Resort's premises. Aqua Resort denies the allegation that it "terminated" Plaintiff and denies any remaining allegation.

18.     Aqua Resort denies the allegations in Paragraph 18.

19.     As to the allegations in Paragraph 19, Aqua Resort denies the allegation that that Plaintiff worked for Aqua Resort. Aqua Resort admits that under prior ownership, it issued certificates of completion for trainings Plaintiff attended when assigned to Aqua Resort; and that when Aqua Resort was under prior ownership, the previous ownership recognized Plaintiff's efforts and expressed appreciation to him, sometimes through written certificates. Aqua Resort denies that any such certificates or awards have been provided to Plaintiff at any time relevant to this action, including any time in the last ten years and denies any remaining allegation.

20.     Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the same.

21.     Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies the same.

22.     As to the allegations in Paragraph 22, Aqua Resort on information and belief and subject to proof at trial admits Plaintiff used a hearing aid and denies any remaining allegation.

23.     As to the allegations in Paragraph 23, Aqua Resort denies that Plaintiff was employed by Aqua Resort. Aqua Resort denies that in the time relevant to this action, Plaintiff performed the essential functions of a security guard or security supervisor.  Aqua Resort denies any remaining allegation.

24.     Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies.

25.     As to the allegations in Paragraph 25, Aqua Resort admits that on August 14, 2014 there was a security incident on its premises and that Plaintiff, the security guard provided by N.V.M. that day, did nothing to respond. Aqua Resort admits that its then-general manager Hiroyuki Toyoshima asked Plaintiff why he did not respond to the security incident, and that Plaintiff did not provide any adequate explanation to Mr. Toyoshima. Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff was thinking when Mr. Toyoshima spoke to Plaintiff and on that basis denies the same. Aqua Resort denies that Plaintiff said anything at all concerning his lack of response to the security incident on August 14, 2014. Aqua Resort denies any remaining allegation.

26.     Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies the same.

27.     As to the allegations in Paragraph 27, Aqua Resort denies that Plaintiff was employed by Aqua Resort or that Aqua Resort had the power to terminate Plaintiff's employment, which was with N.V.M. Aqua Resort admits that on August 15, 2014, following many incidents

during which Plaintiff had failed to perform the essential functions of a security guard, Aqua Resort sent a letter to N.V.M. requesting that a replacement security guard be assigned to Aqua Resort instead of Plaintiff, as was Aqua Resorts right under its contract with N.V.M. Aqua Resort denies any remaining allegation.

28.     As to the allegations in Paragraph 28, Aqua Resort is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Plaintiff wrote his letter to Aqua Resort, and on that basis denies the same. Aqua Resort admits that on August 18, 2014 it received a letter from Plaintiff containing the sentiments alleged in Paragraph 28. Aqua Resort denies it was Plaintiff's employer and denies that it had control over whether Plaintiff was allowed to work and denies any remaining allegation.

29.     As to the allegations in Paragraph 29, Aqua Resort admits that Becky Cruz met with Plaintiff and a representative of his employer, N.V.M. on August 16, 2014, during which N.V.M. requested that Aqua Resort withdraw its request for a replacement guard.  Aqua Resort denies any remaining allegation.

**Claim for Relief**

30.     Paragraph 30 contains a legal conclusion to which no response is required. To the extent that a response is required, Aqua Resort denies the allegations.

31.     Paragraph 31 contains several legal conclusions to which no response is required. To the extent that a response is required, Aqua Resort denies the allegations, and also is without sufficient information or knowledge to form a belief about the truth of them, and on that basis denies each allegation.

32.     Paragraph 32 contains several legal conclusions to which no response is required. To the extent that a response is required, Aqua Resort denies the allegations. Specifically, Aqua Resort denies that Plaintiff was able to perform the essential functions of a security guard or

security supervisor. Aqua Resort also denies that Plaintiff ever requested a reasonable accommodation. Aqua Resort denies any remaining allegation.

33.     Paragraph 33 contains a legal conclusion to which no response is required. To the extent that a response is required, Aqua Resort denies the allegations. Aqua Resort denies that Plaintiff performed the essential functions of a security guard or security supervisor, and denies that Aqua Resort was Plaintiff's employer. Aqua Resort also denies that Plaintiff was terminated, as Plaintiff was employed by N.V.M. Aqua Resort denies any remaining allegation.

34.     Aqua Resort denies the allegations contained in Paragraph 34.

35.     Aqua Resort denies the allegations contained in Paragraph 35.

36.     Aqua Resort denies the allegations contained in Paragraph 36.

## Damages

37.     Aqua Resort denies the allegations contained in Paragraph 37.

38.     Aqua Resort denies the allegations contained in Paragraph 38.

39.     Aqua Resort denies the allegations contained in Paragraph 39.

40.     Aqua Resort denies the allegations contained in Paragraph 40.

41.     Aqua Resort denies each and every allegation set forth in the Complaint not specifically admitted herein.

42.     Aqua Resort denies the Complaint sets forth a valid cause of action.

43.     Aqua Resort denies Plaintiff is entitled to judgment on his behalf or an award of damages or injunctive relief.

## Prayer for Relief

Aqua Resort admits that Plaintiff purports to demand judgment as described in the "Prayer for Relief" paragraphs of the Complaint.  Aqua Resort denies that Plaintiff suffered any damages and denies that Plaintiff is entitled to recover any damages demanded or any of the

injunctive relief demanded. Aqua Resort further denies that Plaintiff is entitled to any of the relief set forth in the "Prayer for Relief" or any relief whatsoever.

## AQUA RESORT'S DEFENSES

Without admitting any allegations asserted in the Complaint, Aqua Resort asserts the following defenses. Nothing stated in the defenses below is a concession that Aqua Resort bears any burden of proof on any issue on which it would not otherwise bear such burden.

1. Plaintiff's claim is barred to the extent it fails to state a valid claim upon which relief may be granted.

2. Plaintiff's claim is barred to the extent that he relies upon alleged acts and events beyond the applicable statute of limitations.

3. Plaintiff's claim is barred by the equitable doctrines of laches, waiver and estoppel.

4. Aqua Resort denies that Plaintiff was subjected to any kind of unlawful or discriminatory action. Aqua Resort, at all times relevant to this action, acted in good faith toward Plaintiff and in compliance with all applicable laws.

5. Plaintiff's claim is barred to the extent that it was not made the subject of a timely charge of discrimination, is beyond the scope of the charge of discrimination, and/or to the extent that Plaintiff otherwise failed to exhaust his administrative remedies before filing this action.

6. Plaintiff may have committed acts and omissions causing his claim to be barred, in whole or in part, by the doctrine of unclean hands.

7. The action and remedies sought in the Complaint are barred by Plaintiff's failure to request a reasonable accommodation.

8. Plaintiff's claim fails, in whole or in part, because he is not disabled as defined under the ADA.

9.      Plaintiff's claim fails, in whole or in part, because he is not a qualified individual with a disability as defined under the ADA.

10.     All actions taken by Aqua Resort with respect to Plaintiff were lawful, proper, reasonable and appropriate.

11.     Plaintiff's claims are barred because Aqua Resort's actions related to Plaintiff were justified, taken in good faith and for legitimate, non-discriminatory, security-related business reasons in accordance with its legal duties to its guests and employees, and were not in violation of any obligation owed to Plaintiff.

12.     To the extent that Plaintiff engaged in misconduct, fraud, a violation of Aqua Resort's policies and practices, or other conduct that would have resulted in Aqua Resort rejecting his services as a security contractor had Aqua Resort discovered such misconduct, Plaintiff's damages, if any, would be barred and/or limited by the doctrine of after-acquired evidence.

13.     Plaintiff's claims fail, in whole or in part, because Aqua Resort met any obligation under the ADA it may have had to reasonably accommodate Plaintiff.

14.     Plaintiff failed to engage in the interactive process to determine a reasonable accommodation.

15.     To the extent that the evidence developed during the course of this litigation establishes that the accommodations Plaintiff sought were unreasonable, or would have placed an undue hardship on the operation of Aqua Resort's business, Plaintiff is precluded from recovering under the ADA. To the extent that a reasonable accommodation could not be made, Aqua Resort specifically pleads the affirmative defense of undue hardship.

16.     To the extent that the evidence developed during the course of this litigation establishes that Plaintiff could not perform certain essential functions of being a security guard or security supervisor even after being provided with a reasonable accommodation, Plaintiff is precluded from recovering under the ADA.

17.     Aqua Resort would have taken the same actions regardless of Plaintiff's alleged disability.

18.     Plaintiff has not suffered any legally cognizable damages.

19.     To the extent that Plaintiff failed to reasonably mitigate his damages, Plaintiff's claim is barred in whole or in part.

20.     An award of punitive damages would be inappropriate and unconstitutional because Aqua Resort has not engaged in any intentional, willful, or malicious conduct towards Plaintiff.

21.     Assuming Plaintiff's allegations were sufficient to warrant the award of damages, which they are not, damages are limited by the applicable statutory cap.

22.     Because Aqua Resort is not Plaintiff's employer, Plaintiff's claim is barred.

23.     Because Plaintiff posed a direct threat to the health and safety of himself or others when assigned as a security guard or security supervisor at Aqua Resort, he is not a person "otherwise qualified" to perform the essential functions of those positions.

24.     Plaintiff's claims are barred to the extent that he failed to control a controllable disability.

25.     Because discovery has not been completed at this stage of the case, Aqua Resort reserves the right to assert additional defenses as appropriate.

WHEREFORE, Aqua Resort prays for judgment against Plaintiff as follows:

1.     For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Aqua Resort and against Plaintiff;

2.     For all costs, disbursements, and reasonable attorney's fees incurred by Aqua Resort in connection with the defense of this matter; and

3.     For any such other relief as the Court in the exercise of its discretion deems to be just and proper.

1   Respectfully submitted this 19th day of April 2016

2

3                                              O'CONNOR BERMAN DOTTS & BANES
                                               Attorneys for Defendant Ken Aqua Hotel and
4                                              Resort, Inc. *dba* Aqua Resort Hotel

5

6

7                                              By:_____/s/_____
8                                                    David G. Banes, Esq. (F0171)

9

10

11  K:\DOCUMENTS GENERATED FROM 150611 FOR BACK  UP\David Banes\3968-01 Aqua v Renada\Pleadings-draft\3968-01-160419-D-
    Answer to Complaint_4.19.16-Final.doc
12

13

14

15

16

17

18

19

20

21

22

23

24

25