F I L E D
Clerk
District Court

MAY 03 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**DAVID G. BANES, Esq. (F0171)**
**CLAIRE KELLEHER-SMITH, Esq. (F0488)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Defendant Ken Aqua Hotel and Resort, Inc. dba Aqua Resort Hotel Saipan*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FELOTEO V. RANADA,<br><br>Plaintiff,<br><br>v.<br><br>KEN AQUA HOTEL AND RESORT, INC. *dba* AQUA RESORT HOTEL SAIPAN,<br><br>Defendant.<br>_____<br>KEN AQUA HOTEL AND RESORT, INC.,<br><br>Third Party Plaintiff,<br><br>v.<br><br>NENITA VALDEZ MARQUEZ *dba* NVM ENTERPRISES,<br><br>Third Party Defendant. | Civil Action No. 16-00008<br><br><br><br><br>**THIRD PARTY COMPLAINT** |

## THIRD PARTY COMPLAINT

Ken Aqua Hotel and Resort, Inc., dba Aqua Resort Hotel Saipan ("Aqua Resort"), through undersigned counsel, for its third-party complaint against Nenita Valdez Marquez doing business as N.V.M. Security Services ("NVM"), alleges on knowledge as to itself and upon information and belief as to all other matters as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).
2. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Third-party Plaintiff Ken Aqua Hotel and Resort dba Aqua Resort Club is a corporation doing business in the Commonwealth of the Northern Mariana Islands.
4. Third-party Defendant Nenita Valdez Marquez doing business as a N.V.M. Security Services is an individual residing in the Commonwealth of the Northern Mariana Islands and N.V.M. Security Services is her sole proprietorship doing business in the Commonwealth of the Northern Mariana Islands.

### GENERAL ALLEGATIONS

5. In the original complaint filed in the above-captioned action ("Ranada Complaint"), plaintiff Mr. Ranada asserts claims against Aqua Resort under Title I of the Americans with Disabilities Act ("ADA") claiming that Aqua Resort is Mr. Ranada's employer, for events that occurred in August 2014. *See, e.g.*, Ranada Complaint ¶¶ 11-19, 24-29.
6. For many years, including 2014, Aqua Resort contracted with NVM to obtain security services for Aqua Resort's property ("Security Contract").

7. Under the Security Contract, NVM provides security services including patrol services, investigation of incidents affecting safety, detection and detention of unauthorized individuals, and periodic security surveys. Additionally, NVM provides supervision for the security guards.

8. Under the Security Contract, Aqua Resort pays an hourly rate, covering the number of hours of security service provided by NVM's guards.

9. Under the Security Contract, NVM agrees to hold Aqua Resort harmless from liability and to obtain worker's compensation insurance.

10. In August 2014 Mr. Ranada was one of the NVM security guards assigned to Aqua Resort's premises. NVM also assigned Mr. Ranada a supervisory role, requiring him to provide supervision and guidance to the other security guards.

11. Aqua Resort does not pay NVM's guards, does not issue W-2s, does not provide health insurance, and does not provide uniforms to NVM's security guards. Aqua Resort does not set the schedule for individual guards, but only contracts for a set number of hours of security services per day, and NVM sends the security guards.

12. On August 15, 2014, following several problematic incidents involving NVM security guards, including Mr. Ranada, Aqua Resort requested that NVM provide a replacement security guard instead of Mr. Ranada.

13. NVM did not reassign Mr. Ranada to serve as a security guard at a different location.

14. As a direct result of Aqua Resort's request to NVM, and NVM's failure to provide another assignment to Mr. Ranada, Mr. Ranada filed the original complaint in the above-captioned case, in which Mr. Ranada alleged that Aqua Resort "terminated" Mr. Ranada's employment. *See, e.g.,* Ranada Complaint ¶¶ 17, 33-36.

## CAUSE OF ACTION

15. Aqua Resort hereby realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 14.

16. Under the Security Contract, Aqua Resort obtains security services from NVM, an outfit that employs security guards.

17. Pursuant to the terms of the Security Contract, NVM agreed to indemnify Aqua Resort from liability. That indemnification obligation extends to claims arising out of or connected to NVM's failure to perform the services governed by the Security Contract.

18. Aqua Resort performed all of the conditions and obligations to be performed on its part under the Security Contract.

19. Because NVM did not reassign Mr. Ranada, and because NVM failed to provide adequate security services and supervision of its employees, Aqua Resort has incurred, and continues to incur damages, costs, expenses, attorney's fees, legal costs and liability. Aqua Resort is entitled to recover these costs and expenses from NVM.

## PRAYER FOR RELIEF

WHEREFORE Aqua Resort prays for the following relief from the Court:

1. For an adequate and sufficient sum to indemnify Aqua Resort from any and all losses or liabilities, attorneys' fees, experts' fees, or any other damage arising from NVM's actions.

2. For attorneys' fees and costs herein incurred.

1 | Respectfully submitted this 3rd day of May 2016

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant Ken Aqua Hotel and Resort, Inc. *dba* Aqua Resort Hotel

By: _____/s/_____
　　　Claire Kelleher-Smith, Esq. (F0488)